## THE C LOPEZ Y LOPEZ.

(Circuit Court of Appeals, Second Circuit. March 17, 1924.)

No. 283.

1. Shipping ☞132(3)—Ship has burden of showing that damage to cargo is within exception in bill of lading.

 The burden rests on a ship to show that damage to her cargo falls within an exception in the bill of lading.

2. Shipping ☞132(3)—Proof of unexplained wetting of cork with oil warrants inference of negligence.

 Proof that cork, while on board ship, in some way unexplained by direct evidence, was wet and injured by oil, warrants the inference that it was negligently stowed comparatively near the oil.

3. Shipping ☞141(1)—Ship liable for damage caused by negligent stowage, notwithstanding exception in bill of lading.

 A ship is liable for damages caused by negligent stowage, notwithstanding an exception in the bill of lading exempting the ship from responsibility for damage caused by other goods.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Ferdinand Gutman & Co., Inc., against the steamship C Lopez y Lopez, her engines, etc., in which the Compania Trasatlantica claimed the steamship, etc. Decree for libelant, and claimant appeals. Affirmed.

John W. Crandall, of New York City, for appellant.

Bigham, Englar & Jones and Henry T. Hale, all of New York City, for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Libelants are the owners and consignees of about 80 bales of cork discs, carried as cargo by the Lopez from Cadiz to New York. It is alleged and proved that the discs were received aboard in apparent good order and condition; i. e., the bales externally were clean and dry. They were delivered in New York, according to the steamer's delivery record, showing "more or less oil stain," and by uncontradicted evidence for libelant olive oil had freshly soaked into and through the burlap covering, had come into contact with the cork, and wrought considerable injury, to recover for which this suit was brought.

The bill of lading contains the exception, "Not responsible * * * for damage caused by other goods," and it is shown by evidence, also uncontradicted, that the appearance of the bales on delivery seemed to justify the inference that they had been too near leaky containers of olive oil, and the Lopez carried olive oil on the voyage in question.

Defense indicated by the record is twofold. Evidence for the ship asserts that, although there were cork discs carried in the hold, where olive oil also was stowed, these particular bales were placed in the second cabin dining saloon—a space not devoted to passengers on this voyage. There was nothing else in the saloon space, except mails and cork. This

testimony means, if believed, that there was no oil within reaching—or leaking—distance of libelant's goods. But it is utterly irreconcilable with the evidence of the ship's own delivery book. In short, it proves too much, for it shows that no damage of the kind overwhelmingly established could possibly have occurred. This testimony is uncorroborated by any stowage plan, and was not believed by the lower court. We share that unbelief.

The second defense rests on the quoted clause of the bill of lading. Argument is that oil damage must have been caused by other goods; i. e., leaking oil containers. Therefore the exception covers. Further, that there is no evidence of negligent stowage. Therefore the exception, being good, must apply.

[1] But there can be no reason why the general rule is not applicable, viz. that the burden always rests upon a ship to show that damage to her cargo falls within an exception in the bill of lading. Andean, etc., Co. v. Pacific Nav. Co. (C. C. A.) 263 Fed. 559. What has claimant done toward bearing this burden? It has introduced the most positive evidence from members of the crew that proven damage never could have occurred. As we do not believe this evidence, it would be legitimate to draw inferences extremely injurious to the party producing such evidence. We shall not do this, but assume the case as one of acquirement of injurious oil by the cork while on board the ship, but in a way unexplained by direct evidence.

[2, 3] But evidence shows that the wetting of cork by oil was known to be very injurious, and such injury is not unknown to the courts. The Maggie M. (D. C.) 30 Fed. 692. And an inference of fact is itself a fact. The oil got on the cork; therefore the oil must have been within leaking distance. Consequently it was stowed comparatively near the cork. But this is bad stowage; i. e., negligence. Therefore negligence as an inference of fact is fairly established, and the ship is liable notwithstanding the exception, which cannot prevail over negligence.

Thus liability exists here by the general maritime law. We have not rested decision on the Harter Act (Comp. St. §§ 8029–8035), which might be invoked.

Decree affirmed, with costs.