## AUNT JEMIMA MILLS CO. v. BELGE.

District Court, S. D. New York. August 29, 1928.

Bigham, Englar & Jones and Roger H. Loughran, all of New York City, for libelant.

Loomis & Ruebush, Homer L. Loomis, and Glenn W. Ruebush, all of New York City, for respondent.

BONDY, District Judge. This is a suit brought by the shippers, who are also consignees, to recover the damage to 2,000 bags of flour placed on board the steamship Burgondier at New Orleans, for carriage to Antwerp.

The bills of lading state that the shipments were received by the Lloyd Royal Belge at New Orleans in apparent good order and condition. The evidence established that lumber and timber were stowed with the bags of flour in holds 4 and 5, and that after the discharge of the cargo at Antwerp the flour

had an offensive smell of turpentine or pitch pine, which was not dispelled after baking samples of flour into bread.

The surveyor, who saw the flour after its discharge at Antwerp, testified that the bags were stained with yellow streaks on the outside, and that the flour and the stains had a strong odor of turpentine or pitch pine. The fact that the shipment was received in apparent good condition and that the flour was stored in the same holds with pine lumber justifies the inference that the stains and odor were due to bad stowage. See The T. A. Goddard (D. C.) 12 F. 174; The C. Lopez y Lopez (C. C. A.) 297 F. 457, 1924 A. M. C. 568.

The fact, stated in the libel, that Eugene N. Janssens & Co. became the owner and holder of the bills of lading covering the flour prior to the arrival of the Burgondier does not deprive libelant of its right to recover. Northern Commercial Co. v. Lindblom (C. C. A.) 162 F. 250; National Interocean Corp. v. Emmons Coal Mining Corp. (D. C.) 270 F. 997; United States v. United States Steel Products Co. (D. C.) 27 F.(2d) 547, opinion by Judge Thacher, July 13, 1928. See Transmarine Corp. v. Charles H. Levitt & Co., Inc. (C. C. A.) 25 F.(2d) 275, 1928 A. M. C. 682.

Following the precedent of Judge Thacher in United States v. United States Steel Products Co., there shall be a decree for libelant upon filing proof that the consignee has authorized or ratified the suit.